# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK, | CASE NO. 1:09-cv-00486-LJO-SMS PC |
|     Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
|     v. | (Doc. 20) |
| DARREL G. ADAMS, et al., | |
|     Defendants. | |

This action was filed pursuant to 42 U.S.C. § 1983 by Plaintiff Reverend Beck, a state prisoner proceeding pro se and in forma pauperis. On July 8, 2009, the Magistrate Judge denied Plaintiff's motion seeking the appointment of counsel, and on July 20, 2009, Plaintiff filed a motion for reconsideration.

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision . . . ." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed

1  in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).  When filing a motion
2  for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or
3  circumstances claimed to exist which did not exist or were not shown upon such prior motion, or
4  what other grounds exist for the motion."

5  　　　　The Magistrate Judge did not err in denying Plaintiff's motion for the appointment of
6  counsel.  Counsel will be sought only in most serious and exceptional cases, and at this juncture, this
7  case does not present the type of exceptional circumstances warranting the appointment of counsel.
8  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

9  　　　　Plaintiff's motion for reconsideration of the denial of his motion for appointment of counsel,
10 filed July 20, 2009, is HEREBY DENIED.

12 IT IS SO ORDERED.

13 **Dated:   July 21, 2009**　　　　　　　　　　   /s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE