# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK,<br><br>                    Plaintiff,<br><br>     v.<br><br>DARREL G. ADAMS, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:09-cv-00486-LJO-SMS PC<br><br>ORDER DENYING MOTIONS FOR RECUSAL, MOTION FOR RECONSIDERATION, AND MOTION TO ADD PARTIES TO THIS ACTION<br><br>(Docs. 22 and 23)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |

**I.    Procedural History**

Plaintiff Reverend Beck is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 10, 2009, United States Magistrate Judge Sandra M. Snyder screened and dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. 28 U.S.C. § 1915A. On July 22, 2009, Plaintiff filed a motion for recusal of Judge Snyder and a motion for reconsideration of her screening order; and on July 31, 2009, Plaintiff filed a motion for recusal of the undersigned, and to add parties to this action, including the undersigned and Judge Snyder.

**II.   Motions for Recusal**

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct.

1

2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

Plaintiff's first motion for recusal is based on his disagreement with Judge Snyder's screening order. Plaintiff's second motion for recusal is based on his disagreement with the July 21, 2009, decision of the undersigned to deny his motion for reconsideration of Judge Snyder's order denying his motion for counsel. Plaintiff's disagreement with the Court's rulings is not a legitimate ground for seeking recusal, and Plaintiff's motions are denied, with prejudice.

### III. Motion for Reconsideration

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff seeks reconsideration of Judge Snyder's screening order. Plaintiff argues that he is being held to a stricter pleading standard than is permissible under the law, and Plaintiff sets forth numerous factual allegations in support of his position that his claims are cognizable.

Plaintiff's disagreement with Judge Snyder's order is not sufficient to support a motion for reconsideration. Further, Plaintiff's citation to older pleading standards cases such as <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99 (1957) has no merit. There has been a significant departure from prior cases holding that a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 972 (9th Cir. 2009). The current, more stringent standard by which pleadings are analyzed under Federal Rule of Civil Procedure 8(a) is that set forth in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955 (2007).

Plaintiff has not shown that Judge Snyder committed clear error, and he may not supplement his complaint by adding factual allegations in his motion for reconsideration. Plaintiff's motion is denied, with prejudice. Plaintiff has thirty days to file an amended complaint in compliance with Judge Snyder's order or this action will be dismissed.

### IV.  Motion to Add Parties

Plaintiff's motion to add parties to this action via the instant motion is denied. If Plaintiff wishes to add parties or claims, he may do so in an amended complaint, subject to the limitations set forth in Judge Snyder's screening order. Fed. R. Civ. P. 15(a). Further, Plaintiff is not precluded from initiating a new action if he wishes to raise new, unrelated claims. Fed. R. Civ. P. 18(a).

### V.  Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for recusal and reconsideration, filed July 22, 2009, is DENIED, with prejudice;

2. Plaintiff's second motion for recusal, filed July 31, 2009, is DENIED, with prejudice;

///

3. Plaintiff's motion to add parties to this action, filed July 31, 2009, is DENIED; and

4. Plaintiff has **thirty (30) days** to file an amended complaint in compliance with the Court's screening order of July 10, 2009, or this action will be dismissed, with prejudice, for failure to state any claims.

IT IS SO ORDERED.

**Dated:   September 4, 2009**              **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE