# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND BECK, | CASE NO. 1:09-cv-00486-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |
| v. | |
| DARREL G. ADAMS, et al., | |
| Defendants. | (Doc. 25) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Reverend Beck, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 16, 2009. On July 10, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Pending before the Court is Plaintiff's amended complaint, filed September 18, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

1

1  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)), and courts "are not required to
2  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
3  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal
4  conclusion are not.  Iqbal, 129 S.Ct. at 1949.

5       Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated
6  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis
7  added).  This requires the presentation of factual allegations sufficient to state a plausible claim for
8  relief.  Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere
9  possibility of misconduct falls short of meeting this plausibility standard.  Iqbal at 1949-50; Moss
10 at 969.

11 **II.**   **Plaintiff's Amended Complaint**

12     **A.**   **Allegations**

13      Plaintiff is currently incarcerated at Kern Valley State Prison, and brings this action against
14 prison personnel at Kern Valley State Prison and California State Prison-Corcoran.  In his amended
15 complaint, Plaintiff alleges that between October 1, 2008, and the date of submission of the amended
16 complaint, the defendants have deprived him of his pain medication, "extorted" his prescription
17 eyeglasses, denied him recommended consults with a neurologist and a urologist, disregarded his
18 medical restrictions with respect to job assignments, and altered his medical records to cover up their
19 conduct.  Plaintiff alleges that as a result, he has suffered severe pain, injuries, and seizures, and has
20 blood in his urine.  (Doc. 25, Amend. Comp., § IV.)

21     **B.**   **Eighth Amendment Medical Care Claims**

22      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
23 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
24 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part
25 test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
26 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
27 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
28 deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff's vague, conclusory allegations do not support a claim that the defendants named in the amended complaint "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Although Plaintiff requests that the Court review the "supporting affidavits and memorandums of law previously submitted," and states that he is reasserting his claims for relief in his original complaint, it is not the duty of the Court to wade through the record and make Plaintiff's claims for him. Exhibits relied upon to support a pleading must be attached to the pleading and must be incorporated by reference. Fed. R. Civ. P. 10(c). Further, Plaintiff was specifically informed in the prior screening order that his amended complaint must be complete within itself without reference to the original complaint. (Doc. 19, 5:20-26.)

The allegations set forth in the amended complaint do not state any plausible claims for relief under section 1983, and this action shall be dismissed.

### III.  **Conclusion and Order**

Plaintiff's amended complaint fails to state a claim under section 1983. Plaintiff was previously notified of the deficiencies in his claims and of the applicable legal standards, but failed to cure the deficiencies. Noll v. Carlson, 809 F.3d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

**Dated:   September 21, 2009**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE